IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **OLABISI BODUNDE,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**WALGREENS BOOTS ALLIANCE, INC.**<br><br>Defendant. | No. 1:24-cv-02437<br><br>The Honorable John Robert Blakey |

**DEFENDANT WALGREENS BOOTS ALLIANCE, INC.'S MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Walgreens Boots Alliance, Inc. ("Walgreens"), by its undersigned counsel and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), hereby moves to dismiss Plaintiff's Class Action Complaint. In support of this motion, Walgreens states as follows:

1. On or about March 26, 2024, Plaintiff Olabisi Bodunde ("Plaintiff") commenced this putative class action by filing the Class Action Complaint ("Complaint") in the United States District Court for the Northern District of Illinois, Case No. 1:24-cv-02437. (*See* Dkt. No. 1.) Plaintiff served Walgreens with the Complaint on April 17, 2024.

2. On May 20, 2024, the Court set the deadline to answer or otherwise plead as May 30, 2024. (*See* Dkt. No. 17.)

3. Plaintiff brings this action against Walgreens for selling products based on the Food and Drug Administration ("FDA") monograph for topical over-the-counter ("OTC") benzoyl peroxide ("BPO") acne drugs ("Acne Monograph"). Plaintiff alleges that these products are misrepresented because BPO is at risk of degrading over time to form "unsafe levels of benzene" when stored at extreme temperatures. (*See generally* Compl.)

4.  Plaintiff seeks to represent a nationwide class of persons who purchased Walgreens branded BPO acne treatment products ("BPO Products") for personal or household use, an "Illinois Subclass" of all persons who purchased BPO Products for personal or household use in Illinois, and a "Consumer Fraud Multi-State Subclass" of all persons who purchased the BPO Products for personal or household use in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York or Washington. (*Id.* at ¶¶ 102-104.)

5.  Plaintiff alleges causes of action under: the Illinois Consumer Fraud and Deceptive Trade Practices Act ("IFCA") (Count I); Unjust Enrichment (Count II); and the State Consumer Fraud Acts relevant to the Consumer Fraud Multi-State Subclass (Count III). Plaintiff's claims are flawed both legally and factually and should be dismissed.

6.  As an initial matter, Plaintiff lacks injury-in-fact and Article III. Plaintiff cannot rely on the hypothetical, but unrealized *risk* of benzene exposure to state an injury. Accordingly, Plaintiff's claims should be dismissed for lack of standing. Under Seventh Circuit precedent, dismissal is warranted where Plaintiff alleges nothing more than a "past potential risk of harm resulting in economic losses" which is entirely "hypothetical or conjectural." *See In re Recalled Abbott Instant Formula Prod. Liab. Litig.*, 97 F.4th 525, 529 (7th Cir. 2024).

7.  Plaintiff also lacks standing to assert claims on behalf of a class for any of the products she did not purchase. This district regularly finds that a "[p]laintiff has no injury-in-fact caused by products that she did not buy, so she lacks standing with respect to those products." *Sanchez v. Walmart Inc.*, 23 CV 1297, 2024 WL 2132426, at *4 (N.D. Ill. May 13, 2024).

8.  All of Plaintiff's claims are pre-empted by the Federal Food, Drug, and Cosmetic Act ("FDCA") which bars state law claims that impose requirements that are "different from," "in addition to," or "otherwise not identical" with federal labeling requirements. 21 U.S.C. § 379r(a).

Because Plaintiff seeks to impose a benzene warning requirement under state law that is different from, in addition to, and not identical with the FDA's express labeling requirements, her claims are preempted. Alternatively, because Plaintiff's allegations challenge the safety of a category of acne drugs approved by the FDA, her claims are within the primary jurisdiction of the FDA.

9.  Plaintiff's consumer fraud claims fail because Plaintiff has not plausibly alleged that the specific BPO Products she purchased contained benzene. Plaintiff further fails to allege any facts – let alone facts sufficient to satisfy Rule 9(b) – supporting her claim that the labels for the BPO Products are deceptive or false. Because Plaintiff's consumer fraud claims are based on the wholly speculative claim that the BPO Products she purchased contained benzene, these claims must be dismissed.

10. Under ICFA's "safe harbor" provision, ICFA "shall not apply to actions 'specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of . . . the United States.'" *O'Keefe v. Walgreens Boots All., Inc.*, 2020 IL App (5th) 190448, ¶ 14, *as modified* (Aug. 31, 2020) (quoting 815 ILCS 505/10b(1)). The conduct which Plaintiff complains of, at its core, is that Walgreens sold products containing BPO as an active ingredient which were labeled in accordance with the Acne Monograph. Because Plaintiff's claim is based on actions specifically authorized by the FDA under the Acne Monograph, Plaintiff's claim is barred by ICFA's safe harbor provision.

11. Plaintiff lacks Article III standing to pursue injunctive relief as Plaintiff cannot establish a real and immediate threat of future injury.

12. Finally, Plaintiff's unjust enrichment claim fails because the ICFA claim it duplicates fails as a matter of law.

13. In support of this motion, Walgreens has concurrently filed a Memorandum of Law in Support of its Motion to Dismiss the Complaint.

14. Counsel for Walgreens conferred with counsel for Plaintiff regarding the briefing schedule for this matter. The Parties have agreed to a briefing schedule with Plaintiff's brief in opposition to the motion to dismiss due July 10, 2024 and Walgreens' reply brief in support of the motion to dismiss due August 7, 2024.

WHEREFORE, Defendant Walgreens Boots Alliance, Inc. respectfully requests that this Court dismiss Plaintiff's Class Action Complaint and grant such other relief as the Court deems necessary and just.

Dated: May 30, 2024

Respectfully submitted,

 */s/ Brian D. Straw*
Brett Doran
Brian D. Straw
Dambi Kim
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
doranb@gtlaw.com
strawb@gtlaw.com
dambi.kim@gtlaw.com

*Attorneys for Defendant Walgreens Boots Alliance, Inc.*

## **CERTIFICATE OF SERVICE**

    I, Brian D. Straw, an attorney, certify that I electronically filed DEFENDANT WALGREENS BOOTS ALLIANCE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on this 30th day of May, 2024.

                                          */s/ Brian D. Straw*