UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLABISI BODUNDE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 1:24-cv-02437<br><br>Judge John Robert Blakey |

**JOINT STATUS REPORT**

Plaintiff Olabisi Bodunde ("Plaintiff") and Defendant Walgreens Boots Alliance ("Walgreens") by and through counsel, submits this Joint Status Report pursuant to this Court's Order entered May 20, 2024. *See* ECF No. 17.

1. **TYPE OF INITIAL STATUS REPORT**

The Parties submit a joint initial status report.

2. **SERVICE OF PROCESS**

Plaintiff has completed service on Defendant Walgreens. Walgreens was served on March 27, 2024. ECF No. 8.

3. **NATURE OF THE CASE.**

    A. **Identity of Attorneys of Record for Each Party.**

**For Plaintiff**

Gary M. Klinger
Russell M. Busch
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: (866) 252-0878

**For Defendant**

Brett Doran
Brian D. Straw
Dambi Kim
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

Email: gklinger@milberg.com
rbusch@milberg.com

Nick Suciu III
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

J. Hunter Bryson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
Email: hbryson@milberg.com

Luis Angel Cardona
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
1311 Ponce De Leon Avenue
San Juan, PR 00985
Tel: (516) 862-0194
Email: lcardona@milberg.com

Philip L. Fraietta
**BURSOR & FISHER, P.A**.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
Email: pfraietta@bursor.com

Fax: (312) 456-8435
doranb@gtlaw.com
strawb@gtlaw.com
dambi.kim@gtlaw.com

**B.  Federal Jurisdiction: Diversity Jurisdiction.** Plaintiff asserts that this Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate claims of the putative Class and Subclass allegedly exceed $5,000,000, minimal diversity is alleged as at least one of the members of the proposed classes is a citizen of a different state than Walgreens, and there are allegedly more than 100 members of the Class. Plaintiff alleges that she and members of the putative Nationwide Class and Subclasses paid for benzoyl peroxide

acne products that are economically worthless.  Upon information and belief, Plaintiff estimates that there are hundreds of thousands of individuals that are members of the proposed Classes.  Walgreens acknowledges that the Complaint sufficiently alleges a basis for the Court's subject matter jurisdiction.

      **C. Nature of the Claims.** This putative class action lawsuit is brought by Plaintiff, who seeks to represent all consumers who purchased various benzoyl peroxide acne products manufactured, distributed, and sold by Walgreens (the "Products").  Plaintiff alleges that the Products contain benzoyl peroxide which degrades to form dangerously high levels of benzene, a carcinogenic impurity that has been linked to leukemia and other cancers, rendering the products unsafe and illegal to sell, and therefore worthless.  Based on the above premise, Plaintiff asserts three claims for relief against Walgreens, including: (1) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq.*; (2) unjust enrichment; and (3) violations of state consumer fraud acts.  There are no counterclaims or third-party claims.

      On May 30, 2024, Walgreens filed a Motion to Dismiss arguing: (1) Plaintiff lacks injury-in-fact and Article III standing as her alleged injury is based on a hypothetical past potential risk of harm resulting in economic losses; (2) Plaintiff lacks Article III standing to assert claims regarding products she did not purchase; (3) Plaintiff's claims are pre-empted by 21 U.S.C. § 379r(a) of the Food, Drug, and Cosmetic Act as she does not allege that the Products did not comply with the Food and Drug Administration ("FDA") monograph for topical over-the-counter ("OTC") benzoyl peroxide ("BPO") acne drugs ("Acne Monograph"); (4) Plaintiff's claims are barred by the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") safe harbor provision; (5) Plaintiff has failed to plausibly allege that the Products she purchased contained

benzene; and (6) Plaintiff lacks Article III standing to pursue injunctive relief as she cannot establish a real and immediate threat of future injury.

      **D.  Major Legal and Factual Issues.**  Plaintiff asserts the following legal and factual issues, whether: (1) the Products contain dangerously high levels of benzene making the Products unfit for human use and therefore unfit for their intended purpose; (2) Walgreens knew or should have known the Products contained or were at risk of containing elevated levels of benzene prior to selling them, thereby constituting fraud; (3) Walgreens is liable to Plaintiff and the Classes for unjust enrichment; (4) Plaintiff and the Classes have suffered monetary loss and the proper measure of that loss; (5) Plaintiff and the Classes are entitled to declaratory and injunctive relief; (6) Plaintiff and the Classes are entitled to restitution and disgorgement from Walgreens; and (7) the marketing, advertising, packaging, labeling, and other promotion materials for the Products are deceptive.

Walgreens asserts the following legal and factual issues, whether: (1) the Products were manufactured in accordance with the Acne Monograph; (2) the Products were labeled in accordance with the Acne Monograph; (3) 21 U.S.C. § 379r(a) acts to bar Plaintiff's claims which seek to impose requirements that are "different from," "in addition to," or "otherwise not identical" with federal labeling requirements; (4) the Products purchased by Plaintiff or members of the putative class *actually* contained benzene; and (5) other legal and factual issues identified by the Parties as litigation progresses.

Additionally, on May 22, 2024, a petition was filed to the JPML by numerous plaintiffs for a motion for transfer of actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL petition"). See MDL 3120, *In re Benzoyl Peroxide "BPO" Marketing and Sales Practices*

*Litigation*, Dkt. No. 1. The parties foresee that the present action may be included in the schedule of actions and whether this matter should be stayed pending MDL determination.

**E. Type and Calculation of Damages and Other Relief.** Plaintiff seeks actual damages. Plaintiff alleges that the Products were adulterated and illegally sold, and therefore are worthless. As a result, Plaintiff seeks damages in the form of a full refund for the price of the products purchased. In addition, Plaintiff seeks equitable monetary relief, injunctive relief, punitive damages, attorneys' fees, costs and expenses, and any other such relief the Court deems proper. Plaintiff intends to offer expert testimony in connection with Plaintiff's motion for class certification, including an expert report(s) setting forth Plaintiff's proposed method for calculating class-wide damages.

4.  **PENDING MOTIONS AND CASE PLAN**

**A. Pending Motions.** The following motions are pending: (a) Plaintiff's Opposition to Walgreens' Motion to dismiss Plaintiff's Complaint is due by June 27, 2024. (b) Walgreens' Reply in Support of the Motion to Dismiss Complaint is due by July 18, 2024.

Plaintiff has filed an unopposed Motion to Stay pending MDL Determination. Dkt. No. 22. In the event this Court agrees to stay the proceedings during the MDL determination, Plaintiff respectfully requests that the Parties file a revised status report upon the MDL ruling, in lieu of setting discovery deadlines at this stage.

**B. Proposal for Discovery.** No discovery has been taken to date.

**(i)** Walgreens' Position: Given the significant legal issues presented in the Motion to Dismiss, including issues relating to standing, pre-emption, and the safe harbor provision of ICFA, Defendant requests that all discovery deadlines by postponed until after resolution of the Motion

to Dismiss. The Parties will then submit a discovery plan and proposed schedule within 30 days of the Court's order on the motion to dismiss.

Should the litigation proceed, Walgreens anticipates the need to conduct written and oral discovery on, without limitation, the following areas: (i) Plaintiff's history of purchasing acne treatment products; (ii) information and materials Plaintiff reviewed prior to purchasing the Products; (iii) information and materials related to how Plaintiff stored the Products; (iv) information and materials relating to Plaintiff's testing of the Products for benzene; and (v) other issues related to Plaintiff's typicality and adequacy as a class representative.

Walgreens anticipates that a protective order will be necessary for discovery and, should this case proceed to discovery, will be prepared to file a proposed protective order. It is unclear at this point whether HIPAA waivers will be necessary in the present action.

Walgreens agrees with Plaintiff's position that discovery deadlines should not be set at the present time. In the event that the Court does not agree to stay the proceeding pending resolution of the Motion to Dismiss (as requested by Walgreens) or the MDL determination (as requested by Plaintiff), Walgreens does not oppose Plaintiff's proposed schedules. Walgreens notes, however, that the scope of discovery will depend greatly on the Court's ruling on the Motion to Dismiss. Moreover, the timing of discovery will depend both on the Court's ruling on the Motion to Dismiss and the nature of Plaintiff's discovery requests.

**(ii)** Plaintiff's Position: Plaintiff anticipates the need to conduct written and oral discovery, including electronic discovery, on, without limitation, the following areas: (i) pricing, sales data, and profits related to the sale of the Products; (ii) marketing and advertising materials used in connection with the Products; (iii) internal documents and communications regarding the creation of, sale, marketing, and advertising of the Products; (iv) internal documents and communications

regarding the testing of the Products for benzene; and (v) all internal documents describing or relating to Walgreens' process and methods for producing and manufacturing the Products.

Plaintiff anticipates that a protective order will be necessary for third-party discovery, and will be prepared to file a proposed protective order. Plaintiff does not anticipate the need for HIPAA waivers in the present action.

Plaintiff respectfully request discovery deadlines be postponed until the MDL determination as has been requested in Plaintiff's unopposed Motion to Stay pending MDL Determination. (*See* Dkt. No. 22). The Parties will then submit a discovery plan and proposed schedule within 30 days of the Court's order. In the event this Court does not agree to stay the proceedings, Plaintiff proposes the deadlines identified in the "Proposed Deadline" column of the table below.

| Discovery Item | Proposed Deadline |
| --- | --- |
| Rule 26(a)(1) disclosures | July 8, 2024 |
| Initial Written Discovery Requests | July 22, 2024 |
| Protective Order | August 05, 2024 |
| Plaintiff's Motion for Class Certification and Disclosure of Class Certification Experts | April 4, 2025 |
| Walgreens' Opposition to Class Certification and Disclosure of Rebuttal Class Certification Experts | June 3, 2025 |
| Plaintiff's Reply In Support of Class Certification | August 5, 2025 |
| Fact Discovery Completion | 90 days after the Court's ruling on Plaintiff's Motion for Class Certification |
| Expert (Merits) Disclosures (on issues for which a party bears the burden of proof) | 30 days after the close of fact discovery |
| Rebuttal (Merits) Disclosures | 30 days after disclosure of merits experts Certification, |
| Expert Discovery Completion | 30 days after disclosure of rebuttal experts |

| | |
|---|---|
| **Motions for Summary Judgment and *Daubert* Motions** | 30 days after the close of expert discovery |
| **Oppositions to Motions for Summary Judgment and *Daubert* Motions** | 45 days after opening briefs |
| **Replies In Support of Motions for Summary Judgment and *Daubert* Motions** | 21 days after opposition briefs |
| **Motions in Limine** | 60 days after the Court's ruling on Motions for Summary Judgment |
| **Pretrial Conference** | 30 days after filing of Motions in Limine |
| **Trial** | 21 days after Pretrial Conference |

**C. Trial.** Plaintiff has requested a jury trial. The Parties anticipate the trial will take ten days if class certification is granted, and four days if class certification is denied.

5. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Parties does not consent to proceed before a magistrate judge.

6. **SETTLEMENT CONFERENCE**

The Parties have not had discussions regarding settlement. The Parties do not request a settlement conference at this time.

Dated: June 6, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A**

By:   */s/ Philip L. Fraietta*

Philip L. Fraietta
1330 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Russell M. Busch
Gary M. Klinger
227 W. Monroe Street, Suite 2100
Suite 2100
Chicago, IL 60606
Tel: (630) 796-0903
Email: rbusch@milberg.com
gklinger@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Nick Suciu III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 483021
Tel: (313) 303-3472
Email: nsuciu@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
J. Hunter Bryson
405 E 50th Street
New York, NY 10022
Telephone: (630) 796-0903
Email: hbryson@milberg.com

*Attorneys for Plaintiff*

Dated: June 6, 2024

Respectfully submitted,

By: */s/ Brian D. Straw*

Brett Doran
Brian D. Straw
Dambi Kim
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
doranb@gtlaw.com
strawb@gtlaw.com

dambi.kim@gtlaw.com

*Attorneys for Defendant Walgreens Boots Alliance, Inc.*

## **CERTIFICATE OF SERVICE**

I, Philip L. Fraietta, hereby certify that on June 6, 2024 a copy of the foregoing document was filed electronically using the CM/ECF System.

*/s/ Philip L. Fraietta*
Philip L. Fraietta

**BURSOR & FISHER, P.A**
1330 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
