UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLABISI BODUNDE and MONICA BOLYARD, individually and *on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>Defendant. | Case No. 1:24-cv-00985-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS |

Olabisi Bodunde and Monica Bolyard began this action on March 26, 2024, against Walgreens Boots Alliance, Inc. On November 25, 2024, Defendant moved to dismiss the first amended complaint for lack of standing and failure to state a claim (Doc. 54). In support of the motion, the defendants requested judicial notice of (1) the March 4, 2024 Valisure Citizen Petition on Benzene in Benzoyl Peroxide Drug Products upon which Plaintiffs rely (Doc. 55-1), and (2) the U.S. Food & Drug Administration's August 28, 2024 letter response to the Valisure Citizen Petition (Doc. 55-2).[1] The Court referred the motion to the assigned Magistrate Judge for the preparation of findings and recommendations. (Doc. 57). On May 15, 2025, the Magistrate Judge issued findings and recommendations that the motion to dismiss be granted. (Doc. 69). The findings and recommendations were served on the parties and contained notice that any objections to the findings and

---

[1] The Court takes judicial notice as requested. (Doc. 55).

1 recommendations were to be filed within fourteen (14) days from the date of service. (*Id.* at 31). On
2 May 29, 2025, Plaintiffs filed objections. (Doc. 70). On June 12, 2025, Defendant filed a response to
3 Plaintiffs' objections. (Doc. 71; *see* E.D. Cal. Local Rule 304(d)).

4      As noted by the Magistrate Judge, Plaintiffs have standing to assert claims for economic harm
5 raised by the alleged risk of BPO degradation but fail sufficiently to do so. For example, claims based
6 on a theory of failure to warn/disclose BPO degradation risk are categorically preempted by the Food,
7 Drug, and Cosmetic Act (FDCA) including the OTC drug monograph for topical acne drug products
8 (Acne Monograph). (*See* Doc. 69 at 3-4, 17-18, citing Doc. 50 at 23-24 regarding 75 FR 9776, OTC
9 Monograph M006 [Part 333, subpart D, Topical Acne Drug Products for OTC Human Use]). Even if
10 Plaintiffs could show standing to assert claims alleging the sale of adulterated and misbranded product
11 contaminated with benzene based on the theory Defendant failed to comply with state duties parallel to
12 the FDCA including the Acne Monograph and Current Good Manufacturing Practices (cGMP), they
13 fail sufficiently to do so.

14      Plaintiffs' objections are not persuasive. Mere disagreement with the Magistrate Judge's
15 analysis and conclusions is not a basis for objection. Plaintiffs' joinder in and incorporation and
16 adoption of the objections to findings and recommendations and supporting arguments filed in the
17 related matter *Navarro v. Walgreens Boots Alliance, Inc.*, No. 1:24-cv-00290-JLT-SAB (*see* Doc. 70 at
18 4 & n.2) is unavailing given the Court's rejection of those objections and arguments. (*See* Doc. 43 in
19 *Navarro*).[2] Here, as in *Navarro*, Plaintiffs allege parallel state duties unsupported by any facially
20 plausible showing the product they purchased from Defendant contained benzene due to a failure to
21 follow cGMP or otherwise. Plaintiffs' argument of authorities both considered by the Magistrate Judge
22 and newly proffered is not a basis upon which to advance any un-preempted allegation beyond mere
23 speculation. (*See e.g.*, Doc. 70 at 6-8). Plaintiffs' incorporation of argument on issues the Magistrate
24 Judge declined to reach as premature does not aid them. (*Id.* at 8-9).

25      According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.

26

---

27 [2] The Court takes judicial notice of the filing in the related case. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may "take judicial
28 notice of court filings and other matters of public record.").

Having carefully reviewed the entire file, the Court finds the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 69) issued on May 15, 2025, are ADOPTED IN FULL.
2. The motion to dismiss pursuant to Rules 9(b) and 12(b)(6) is GRANTED with leave to amend by not later than 30 days following service of this order.
3. The motion to dismiss otherwise is DENIED as moot.
4. Any failure by Plaintiffs to abide by the deadline above may result in summary dismissal of the action without further notice.

IT IS SO ORDERED.

Dated:   **December 15, 2025**

UNITED STATES DISTRICT JUDGE

3